NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY SURGICAL SERVICES, LLC, individually and on behalf of all those similarly situated, : : : : | |
| Plaintiffs, : : | Civil Action No. 06-462 (JAG) |
| v. : : | **OPINION** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., : : : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's Complaint for failure to state a claim upon which relief can be granted by Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon"). For the reasons set forth below, this motion will be granted.

**INTRODUCTION**

Plaintiff Gregory Surgical Services, LLC is a provider of ambulatory surgical care. Horizon provides health insurance to subscribers under various health insurance contracts. Horizon also contracts with medical providers for medical services to subscribers. Plaintiff has no such contracts with Horizon and is known as a "non-participating provider."

In December of 2005, Plaintiff filed a Complaint in New Jersey Superior Court, alleging that it has received inadequate reimbursements from Horizon for services it provided to Horizon

1

subscribers. In January of 2006, Horizon removed the action to federal court. At the same time, Horizon filed the instant motion to dismiss. In the alternative, Horizon moved for summary judgment. In response, Plaintiff filed a cross-motion for partial summary judgment.

## ANALYSIS

**I.     Governing Legal Standards**

    A.     Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

    While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, "[t]he pleader is required to set forth

sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**II.    Defendant's 12(b)(6) Motion to Dismiss**

    A.    Does Plaintiff have standing to sue?

Horizon argues that the Complaint must be dismissed because Plaintiff is not a party to any contract with it and thus has no standing to sue for reimbursement. In response, Plaintiff asserts two legal theories to establish standing to bring suit under subscriber health insurance contracts: 1) non-participating providers may have standing as assignees of the contracts; and 2) non-participating providers may have standing as third-party beneficiaries of the contracts.

    1.    *The assignee theory*

Plaintiff admits that the contracts contain a provision which prohibits assignment to non-participating providers. Plaintiff does not dispute the validity of the anti-assignment provision, which was carefully examined and upheld as valid by the Superior Court of New Jersey, Appellate Division in Somerset Orthopedic Assocs., P.A. v. Horizon Blue Cross & Blue Shield

of N.J., 345 N.J. Super. 410, 415 (N.J. Super. Ct. App. Div. 2001).  Rather, Plaintiff attempts to escape the effect of the anti-assignment provision through theories of waiver and estoppel.  In its opposition brief, Plaintiff alleges that subscribers have assigned their rights to payment under the contracts to Plaintiff, and that Horizon has "conducted itself as if those assignments were effective."  (Pl.'s Opp. Br. 14.)  Plaintiff contends that Horizon, by such conduct, has waived its right to object to the assignment of benefits to Plaintiff.  Plaintiff also argues that, because of Horizon's conduct, it is equitably estopped from arguing that the assignments are void.

The New Jersey Supreme Court has stated the basic principles of waiver under New Jersey contract law:

> Waiver is the intentional relinquishment of a known right.  Waiver must be voluntary and there must be a clear act showing the intent to waive the right.  Furthermore, waiver presupposes a full knowledge of the right and an intentional surrender.

County of Morris v. Fauver, 153 N.J. 80, 104-105 (1998) (citations omitted).

The Superior Court of New Jersey, Appellate Division addressed the issue of waiver of an anti-assignment provision in Garden State Bldgs., L.P. v. First Fid. Bank, N.A., 305 N.J. Super. 510, 523 (N.J. Super. Ct. App. Div. 1997), cert. denied, 153 N.J. 50 (1998).  The court held that New Jersey recognized such a theory: "an anti-assignment clause may be waived by a written instrument, a course of dealing, or even passive conduct, i.e., taking no action to invalidate the assignment vis-a-vis the assignee."  Id.

In its opposition brief, Plaintiff alleges that Horizon waived the anti-assignment clause by the above-mentioned course of dealing, thus raising a theory of standing to sue as assignee. (Pl.'s Opp. Br. 17-21.)  Were these allegations made in the Complaint, they could state a valid

claim for relief under New Jersey law. The problem is that they are not in the Complaint, which does not set forth sufficient information to permit an inference that the elements of the waiver theory exist.

The New Jersey Supreme Court has stated the basic principles of equitable estoppel under New Jersey contract law:

> Equitable estoppel is [t]he effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might otherwise have existed . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.

County of Morris, 153 N.J. at 104. Plaintiff's Complaint does not allege facts which permit an inference that the element of detrimental reliance exists.

The Complaint is deficient and fails to allege sufficient facts to support what may be determined to be viable theories of standing. The Complaint will be dismissed without prejudice, and Plaintiff will be granted leave to amend within 45 days.

*2. The third-party beneficiary theory*

In the alternative, Plaintiff contends that it has standing to sue as a third-party beneficiary of the contract. The Complaint claims simply that Plaintiff is a third-party beneficiary of the subscriber contracts. (Compl. 4.) Yet it is beyond doubt that Plaintiff can prove no set of facts in support of this claim which would entitle it to relief. In New Jersey, the test to determine whether a party is a third-party beneficiary is "whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts." Strulowitz v. Provident Life & Cas. Ins. Co., 357 N.J. Super. 454, 459 (N.J. Super. Ct. App. Div. 2003). As Horizon observes, the presence of the anti-assignment provision establishes conclusively that

Horizon did not intend that non-participating providers should receive a benefit which might be enforced in the courts. The Superior Court of New Jersey, Law Division made exactly this point in Parkway Ins. Co. v. N.J. Neck & Back, 330 N.J. Super. 172, 187 (N.J. Super. Law Div. 1998). Plaintiff thus can prove no set of facts in support of any claim under a third-party beneficiary theory.

**III.     The parties' motions for summary judgment**

Horizon has moved in the alternative for summary judgment, and Plaintiff has moved for partial summary judgment. Because this Court grants Horizon's motion to dismiss the Complaint, the two summary judgment motions are moot.

## CONCLUSION

Defendant moves to dismiss Plaintiff's Complaint, pursuant to FED. R. CIV. P. 12(b)(6), contending that Plaintiff is not a party to any contract with Horizon and thus lacks standing to sue. The Complaint does not allege facts sufficient for this Court to infer that standing exists. Defendant's motion to dismiss Plaintiff's Complaint is granted, and the Complaint is dismissed without prejudice. Plaintiff is granted leave to amend the Complaint within 45 days of the filing of this Opinion. Horizon's motion, in the alternative, for summary judgment is denied as moot. Plaintiff's motion for partial summary judgment is denied as moot.

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: June 1, 2006