NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY SURGICAL SERVICES, LLC, individually and on behalf of all those similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.,<br><br>     Defendant. | Civil Action No. 06-0462 (JAG)<br><br>**OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on (1) the motion to dismiss the First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted, by Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon"); and (2) the cross-motion for partial summary judgment by Plaintiff Gregory Surgical Services, LLC ("GSS") . For the reasons set forth below, this Court dismisses GSS's First Amended Complaint without prejudice. Horizon's motion to dismiss and GSS's motion for partial summary judgment are denied as moot.

**I. INTRODUCTION**

GSS is a provider of ambulatory surgical care. Horizon provides health insurance to subscribers under various health insurance contracts. Horizon also contracts with medical providers for medical services to subscribers. GSS has no such contracts with Horizon and is

1

known as a "non-participating provider."

In December of 2005, GSS filed a Complaint in New Jersey Superior Court alleging that it had received inadequate reimbursements from Horizon for services it provided to Horizon subscribers. In January of 2006, Horizon removed the action to federal court, pursuant to the Employee Income Retirement Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). At the same time, Horizon filed a motion to dismiss, or in the alternative for summary judgment. In an order dated June 1, 2006, this Court granted Horizon's motion to dismiss without prejudice, finding that GSS had failed to allege facts sufficient for this Court to infer that it has standing to pursue its claims. This Court granted GSS leave to file an amended complaint within 45 days of the filing of this Court's opinion.

On July 7, 2006, GSS filed its First Amended Complaint, asserting causes of action against Horizon for (1) violation of N.J. ADMIN. CODE § 11:21-7.13(a); (2) violation of N.J. ADMIN. CODE § 11:21-7.13(a); and (3) unjust enrichment. In its First Amended Complaint, GSS also sets forth allegations, which purport to establish its standing. (First Amended Complaint ("Compl."), ¶¶ 30-37.)

On July 21, 2006, Horizon filed a motion to dismiss GSS's complaint on the ground that its allegations are insufficient to support its standing. On October 13, 2006, GSS filed its opposition to Horizon's motion. Through this pleading, GSS cross-moved for partial summary judgment on the ground that Horizon has admitted that it breached N.J. ADMIN. CODE § 11:21-7.13. This Court shall address the parties pending motions.

## II. ANALYSIS

### A. Legal Standard Governing Rule 12(b)(6) Motions To Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, "[t]he pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

### B.  Plaintiff's Claims Must Be Dismissed Because They Are Preempted By ERISA

This Court may, on its own motion, dismiss a claim pursuant to FED. R. CIV. P. 12(b)(6). See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's actions."); Schiffman v. Postmaster of Philadelphia, Nos. Civ.A. 95-5363, Civ.A. 95-6846, 1997 WL 602786, at *7 (E.D. Pa. Sept.19, 1997) (dismissing *sua sponte* all federal claims with prejudice for failure to state a claim upon which relief can be granted); Timmons v. Special Insurance Services, No. 1:96-CV-476, 1997 WL 721001, at *5 (E.D. Tex. Nov.13, 1997) (dismissing *sua sponte* plaintiff's state law claims under Rule 12(b)(6) because they were preempted by ERISA).

This action was removed to this Court from state court on the ground that the claims asserted by GSS are preempted by ERISA. (See Notice of Removal, ¶¶ 7, 15-20.) Both parties concede, and this Court agrees, that for the reasons set forth in the Notice of Removal, GSS's

4

original claims are preempted by ERISA.[1]

Notwithstanding its notice of, and concession that, its state law causes of action are preempted by ERISA, GSS's First Amended Complaint reasserts causes of action against Horizon for (1) violation of N.J. ADMIN. CODE § 11:21-7.13(a); (2) violation of N.J. ADMIN. CODE § 11:21-7.13(a); and (3) unjust enrichment.  GSS does not assert a claim under ERISA.

"A court can recharacterize an appropriately drafted state law claim as an ERISA claim, although such action is generally frowned upon."  Emery v. Community Mut. Ins. Co., Civ. A. No. 90-5124, 1992 WL 17429, *2 (E.D. Pa. Jan. 29, 1992).  While this Court has the ability to recharacterize a plaintiff's claims when determining if it has removal jurisdiction, it is not required to rewrite the plaintiff's complaint.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 958-59 (9th Cir. 2002) (quoting Schroeder v. Trans World Airlines, Inc., 702 F.2d 189, 192 (9th Cir. 1983)).  Once the court has found that a plaintiff's claims are preempted, it is the plaintiff's burden to amend the complaint.  See Id. at 959; Cross v. County of Alameda, No. C 02-1024 MMC, 2002 WL 1940302, at *1 (N.D. Cal. Aug. 14, 2002) ("Once removal has been accomplished, however, if the defendant raises preemption as a defense to the state law claims, the district court is not required to rewrite the complaint to state a federal claim.  Rather, at that stage of the proceedings, the plaintiff has the burden to amend his complaint to survive the defendant's motion to dismiss") (internal quotation and citations omitted).

Here, GSS has failed to replead its state law claims, pursuant to ERISA.  Accordingly, all

---

[1] Except for state laws regulating insurance, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a). "State laws" include "all laws, decisions, rules, regulations, or other State action having the effect of law. . . ."  29 U.S.C.§ 1144(c)(1).

of its claims are preempted, and fail to state claims upon which relief may be granted.  Thus, this Court must dismiss GSS's First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6).  See Stewart, 297 F.3d at 959.  ("the district court had no other alternative but to dismiss the case, finding the only claims Plaintiffs presented were preempted").

### C. Defendant's Motion To Dismiss And Plaintiff's Motion For Partial Summary Judgment

Because this Court must dismiss GSS's claims as preempted, Horizon's motion to dismiss and GSS's motion for partial summary judgment are denied as moot.

### IV. CONCLUSION

For the foregoing reasons, this Court dismisses Plaintiff's First Amended Complaint without prejudice.  Plaintiff is granted leave to amend the Complaint to assert its claims under ERISA within 45 days of the filing of this Opinion and accompanying Order.  Defendant's motion to dismiss and Plaintiff's motion for partial summary judgment are denied as moot.

Dated: December 19, 2006                     s/Joseph A. Greenaway
                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.