**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREGORY SURGICAL SERVICES, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HORIZON BLUE CROSS BLUE SHIELD : <br> OF NEW JERSEY, INC., : <br> : <br> Defendant. : | Civil Action No. 06-0462 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

  This matter comes before this Court on the motion to dismiss the Second Amended Complaint (the "Second Amended Complaint" or "SAC") by Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons set forth below, this Court grants in part and denies in part Horizon's motion to dismiss.

**BACKGROUND**

  Plaintiff Gregory Surgical Services ("GSS"), an ambulatory surgical center, provides medical services to individuals who are covered under Horizon insurance plans. As an out-of-network provider, GSS has no contractual agreement with Horizon that governs the terms under which GSS receives payment for the services it performs. Instead, GSS alleges that some of the Horizon insurance plans provide for patients to receive reimbursement for a portion of the cost of

the medical service received from an out-of-network provider. The plans also provide that Horizon may make direct payment to out-of-network providers. All of the Horizon plans incorporate an anti-assignment provision, which prohibits patients from assigning their right to benefits to another individual or entity.

Before providing services, GSS requires patients to complete a form stating that the patient assigns to GSS all insurance benefits covered by Horizon. After performing its services, GSS submits a claim form to Horizon. In most cases, Horizon responds by making payment directly to GSS. In some cases, Horizon sends to GSS a form explaining its denial of the claim, at which point GSS will either contact Horizon to discuss the claim or initiate a formal appeal. In addition, if Horizon later finds that a previous payment exceeded the amount of reimbursement due to GSS, it will adjust accordingly its next payment to GSS.

In December of 2005, GSS filed a Complaint against Horizon, alleging that Horizon has made insufficient payments to GSS for services it provided to patients insured by Horizon. On January 31, 2006, Horizon removed this Action to federal court and filed a motion to dismiss, arguing that Plaintiff did not allege sufficient facts to support a finding of standing under the Employee Retirement Income Security Act of 1974 ("ERISA"). The motion to dismiss was granted on June 1, 2006, without prejudice. GSS then filed an amended complaint (the "First Amended Complaint" or "FAC") on July 7, 2006. In response, Horizon filed a second motion to dismiss. On December 19, 2006, this Court granted the motion to dismiss, without prejudice, because GSS's claims were preempted under ERISA. Thereafter, GSS filed the Second Amended Complaint, which Horizon seeks to dismiss through the instant motion.

## ANALYSIS

**I.     Governing Legal Standard**

<u>Standard for a Rule 12(b)(6) Motion to Dismiss</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1959 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." <u>Twombly</u>, 127 S. Ct. at 1959. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Id.</u>

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 127 S. Ct. at 1960 (abrogating <u>Conley</u>, 355 U.S. 41). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. <u>See</u> <u>In re Warfarin Sodium</u>, 214 F.3d 395, 397-98 (3d Cir. 2000).

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  <u>See</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 (3d Cir.

1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357.  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to  attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED.

R. Civ. P. 12(b).

## II.   Defendant's 12(b)(6) Motion To Dismiss

### A.   Standing

Horizon contends that, as a threshold matter, GSS lacks standing to sue under ERISA because GSS does not hold a valid assignment of benefits. To support this argument, Horizon points to an anti-assignment provision in its plans, which prohibits an insured from assigning to non-participating providers his right to benefits. (Def. Br. 4-5.) GSS does not deny the presence of an anti-assignment provision in these plans, but asserts that (1) health care providers constitute beneficiaries as a matter of law under ERISA and therefore may sue insurers for payments due under a plan; (2) Horizon waived its ability to enforce the anti-assignment provision as a result of its course of dealings with GSS; and (3) Horizon is estopped from enforcing the anti-assignment provision due to its course of dealings with GSS. (Pl. Br. 14.)

GSS erred in arguing that ERISA mandates recognition of an insured's decision to assign to a medical provider benefits under a health plan. ERISA does not expressly state whether beneficiaries may assign their right to receive benefits to providers of medical services. Congress' silence on this issue, when viewed against ERISA's express prohibition against the assignment of pension benefits, has been construed by courts as an indication that health care benefits are assignable.[1]  Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc., No. 06-928, 2007 WL 2416428, at *4 (D.N.J. Aug. 20, 2007).

---

[1] Horizon incorrectly states that the right to assign benefits does not implicitly incorporate the right to sue. To the contrary, an assignment of benefits under a plan includes the assignment of the right to sue for such benefits, for without the latter, the former would be unenforceable. See Renfrew Ctr. v. Blue Cross & Blue Shield of Cent. N.Y., Inc., No. 94-1527, 1997 WL 204309, at *4 (N.D.N.Y. Apr. 10, 1997).

However, parties may contractually opt against recognizing an assignment of benefits. Renfrew Ctr., 1997 WL 204309, at *3. At present, the Third Circuit has not ruled on whether anti-assignment provisions in health care plans are enforceable. Some courts have held that the presence of an unambiguous anti-assignment provision in a plan may preclude insureds from assigning their benefits to a health care provider. See, e.g., LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc., 298 F.3d 348, 352 (5th Cir. 2002); Wayne Surgical Ctr., 2007 WL 2416428, at *4; Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc., 371 F.3d 1291, 1296 (11th Cir. 2004); Briglia v. Horizon Healthcare Svcs., Inc., No. 03-6033, 2005 WL 1140687, at *4-5 (D.N.J. May 13, 2005). Therefore, the presence of an anti-assignment provision in the Horizon plans at issue could negate GSS's standing to sue Horizon for unpaid benefits, unless GSS submits evidence demonstrating that the anti-assignment provision is unenforceable.

GSS asserts that, even if ERISA permits the enforceability of anti-assignment provisions, Horizon should be precluded, under theories of equitable estoppel and waiver, from enforcing the anti-assignment provision. This Court discussed the parameters of "equitable estoppel" and "waiver" in its previous opinion. See Gregory Surgical Svcs. v. Horizon Blue Cross Blue Shield of N.J., Inc., No. 06-462, 2006 WL 1541021, at *2-3 (D.N.J. June 1, 2006). A party is equitably estopped from enforcing a right when it voluntarily conducts itself in a manner that precludes it from asserting that right, and another person relied in good faith on the party's conduct and was injured as a result. See County of Morris v. Fauver, 707 A.2d 958, 969 (N.J. 1998).

On the other hand, a waiver occurs when a party performs an act that voluntarily, knowingly, and intentionally relinquishes a known right. See County of Morris, 707 A.2d at 970

6

(citations omitted). A party may waive an anti-assignment provision "by a written instrument, a course of dealing, or even passive conduct, i.e., taking no action to invalidate the assignment vis-a-vis the assignee." Garden State Bldgs., L.P. v. First Fid. Bank, N.A., 702 A.2d 1315, 1322 (N.J. Super. Ct. App. Div. 1997), cert. denied, 707 A.2d 153 (N.J. 1998).

GSS describes a course of dealing between itself and Horizon that allegedly constitutes a waiver of the anti-assignment provision and estops Horizon from disavowing GSS's standing. The conduct includes discussions of patient coverage under health care policies, direct submission of claim forms, direct reimbursement of medical costs, and engagement in appeal processes. Horizon contends that its direct payment of reimbursements to GSS conforms with the terms of the plans at issue and thus cannot constitute a waiver. (Def. Br. 10.) Although Horizon's direct payments to GSS would not constitute a waiver if authorized under the Horizon plans at issue, see Zhou v. Guardian Life Ins. Co. of Am., No. 01-4816, 2001 WL 1631868, at *2 (N.D. Ill. Dec. 17, 2001); Renfrew Ctr., 1997 WL 204309, at *4, the SAC alleges a course of conduct beyond direct reimbursement for medical services. Indeed, the SAC describes regular interaction between Horizon and GSS prior to and after claim forms are submitted, without mention of Horizon's invocation of the anti-assignment clause. (SAC ¶ 20-27.) Such actions impede Horizon's ability to rely on the anti-assignment provision to challenge GSS's standing.

Having found that GSS alleged sufficient facts in the SAC to support standing under ERISA, this Court will now turn to Horizon's arguments regarding dismissal of each of the five causes of action.

B.  First Cause of Action

Horizon posits that GSS's claim under Section 502(a)(1)(B) must fail because GSS did

not identify the benefit plan that Horizon allegedly breached. Section 502(a)(1)(B) provides that a beneficiary may bring a civil action to recover benefits due or enforce rights under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). The SAC states that certain plans require Horizon to reimburse insureds for a portion of the cost of services provided by out-of-network medical providers (SAC ¶ 5), that insureds assigned to GSS their right to receive such reimbursement (SAC ¶ 15), and that Horizon's reimbursement payments "abruptly decreased" on or around October of 2004 (SAC ¶ 28). After accepting as true all facts alleged in the SAC, this Court finds that these statements constitute sufficient facts upon which to state a claim under Section 502(a)(1)(B).

    C.    <u>Second Cause of Action</u>

The second cause of action raises two arguments: first, GSS alleges that Horizon breached Section 502(c) by failing to provide material information to GSS, and second, GSS alleges that Horizon breached its fiduciary duty by failing to provide material information to GSS. Horizon's motion to dismiss argues that GSS failed to state a cause of action under Section 502(c). ERISA's reporting and disclosure requirements mandate that plan administrators provide plan beneficiaries, upon written request, with certain documents and materials. 29 U.S.C. § 1024(b)(4). ERISA defines an "administrator" as the person designated under the terms of the plan, or, if no such designation exists, the plan sponsor. 29 U.S.C. § 1002(16)(A). The statute defines "plan sponsor" as

> (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more

>employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties or who establish or maintain the plan.

29 U.S.C. § 1002(16)(B).

Horizon clearly is not a plan administrator within the meaning of ERISA, and thus is not required to disclose information pursuant to Section 502(c). GSS does not dispute that Horizon is not named in any plan as the plan administrator. Furthermore, Horizon does not fit within the definitions of a "plan sponsor," as set forth in 29 U.S.C. § 1002(16)(B). GSS's claim under Section 502(c) accordingly must be dismissed.

GSS also fails to allege sufficient facts to support its argument that Horizon breached its fiduciary duty by failing to disclose material information. As explained infra in Section II, D, the SAC does not set forth facts showing that Horizon is a fiduciary within the meaning of ERISA. Consequently, this Court will dismiss GSS's allegation that Horizon breached its fiduciary duties by failing to disclose to GSS any material changes in its reimbursement policy.

D.    Third Cause of Action

Horizon asserts that this Court should dismiss the breach of fiduciary duty claim set forth in the SAC because Horizon is not a fiduciary within the meaning of ERISA. ERISA defines a fiduciary as a person or entity that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . [or holds] any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); see also Briglia v. Horizon Healthcare Svcs., Inc., No. 03-6033, 2005 WL 1140687, at *6 (D.N.J. May 13, 2005).

The Third Circuit has emphasized that "the linchpin of fiduciary status under ERISA is

9

discretion." Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 233 (3d Cir. 1994). However, if Horizon performs mostly ministerial or administrative tasks, such as claims processing and calculation, it likely will not be found to constitute a fiduciary under ERISA. Id. Here, GSS alleged in the SAC that "Horizon acted as fiduciary to beneficiaries . . . in connection with the beneficiaries' group health plans, as such term is understood under ERISA § 404(a)(1)(B), (D), 29 U.S.C. § 1104(a)(1)(B), (D)." (SAC ¶ 58.)  However, proof of Horizon's fiduciary status is an element of the fiduciary duty claim, and "a formulaic recitation [in the complaint] of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. The SAC alleges no facts supporting a finding that Horizon is a fiduciary, but instead states a legal conclusion that this Court is not bound to accept as true. As a result, this Court will dismiss Plaintiff's breach of fiduciary duty claim, without prejudice.[2]

    E.    Plaintiff's Fourth and Fifth Causes Of Action

Horizon contends that the fourth and fifth causes of action in the SAC must be dismissed because they are preempted by ERISA in accordance with this Court's previous opinion in Gregory Surgical Svcs. v. Horizon Blue Cross Blue Shield of N.J., Inc., No. 06-462, 2006 WL 3751385, at *2 (D.N.J. Dec. 19, 2006). Both causes of action essentially allege violations of N.J. ADMIN. CODE 11:21-7.13(a). (SAC ¶ 62-75.) The parties have previously conceded, and this Court has stated, that GSS's claims under N.J. ADMIN. CODE 11:21-7.13(a) are preempted by

---

   [2] This Court has given GSS the opportunity to replead its allegations, which include this breach of fiduciary duty claim, on two occasions. None of the three iterations of GSS's complaint have alleged sufficient facts to support the conclusion that Horizon is a fiduciary. On two prior occasions, Horizon's motions to dismiss has focused on the issues of standing and preemption. Given the current focus of Horizon's motion to dismiss, and out of an abundance of caution, this Court will allow a final opportunity for GSS, if it so chooses, to replead this breach of fiduciary duty count. If no facts come forth, the dismissal shall be with prejudice.

ERISA.  Gregory Surgical Svcs., 2006 WL 3751385, at *2.  This Court did not permit GSS to raise these claims in its FAC, and shall not recognize these causes of actions now.

## **CONCLUSION**

For the foregoing reasons, this Court finds that the SAC alleges sufficient facts to show that GSS may have standing to sue Horizon under ERISA.  Having resolved this threshold matter, this Court grants Horizon's motion to dismiss the fourth and fifth causes of action in the SAC, with prejudice, but declines to dismiss the first cause of action.  GSS's third cause of action is dismissed without prejudice.

With respect to the second cause of action, GSS fails as a matter of law to allege a claim under Section 502(c).  This claim will be dismissed, with prejudice.  However, the allegation that Horizon breached its fiduciary duties by failing to disclose material information to GSS is dismissed, without prejudice.

Plaintiff is granted leave to file, within 45 days from the date of this Opinion, an amended complaint alleging the breach of fiduciary duty claims asserted in the second and third causes of action.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 19, 2007