**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GREGORY SURGICAL SERVICES, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 06-0462 (JAG) |
|  | **OPINION** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., | |
| Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Third Cause of Action of Plaintiff Gregory Surgical Services, LLC's Fourth Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Horizon Blue Cross Blue Shield of New Jersey ("Defendant"). For the reasons set forth below, this motion will be granted.

**I.  FACTUAL BACKGROUND**

Plaintiff, Gregory Surgical Services, LLC, is a limited liability company organized and existing under the laws of the state of New Jersey. (Fourth Amended Compl. at ¶ 3.) Its principal place of business is in Jersey City, New Jersey. (Id.) Plaintiff is a licensed ambulatory surgical center engaged in the business of providing ambulatory surgical services to patients. (Id.) As an

1

ambulatory surgical center licensed by the State of New Jersey, Gregory Surgical Services is subject to regulations promulgated by New Jersey's Department of Health and Senior Services. (Id.)

Defendant is a non-profit corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Newark, NJ. (Id. at ¶ 4.) Defendant is engaged in the business of providing health insurance coverage and related services.

Plaintiff is not a participating provider in Defendant's health insurance network. (Id. at ¶ 5.) Plaintiff and Defendant do not have a contract setting out the terms under which Defendant will make payment for services that Plaintiff provides to patients insured by Defendant. (Id.) Plaintiff is an out-of-network provider, and provides services to patients whose insurance policies with Defendant allow them to seek services from providers outside of Defendant's network. (Id.)

From the time that Plaintiff began its interactions with Defendant through approximately October 2004, Defendant made direct payments to Plaintiff on patients' claims that Plaintiff submitted directly to Defendant. (Id. at ¶ 29.) In or about October 2004, the amount of the payments that Defendant made abruptly decreased. (Id.) Plaintiff alleges that Defendant now pays Plaintiff much less than the actual charges that Plaintiff bills, and much less than the reasonable and customary charges for the services rendered. (Id.)

Plaintiff alleges that the State Health Benefits Program ("SHBP"), sponsored by the State of New Jersey, that Defendant administers is not subject to ERISA, pursuant to 29 U.S.C. §§ 1003(b)(1) and 1002 (32). (Id. at ¶ 60.) Defendant administers health benefit plans sponsored by the State of New Jersey, and carries out all functions and obligations normally performed by an

insurer, including, but not limited to, investigating and servicing claims and processing appeals. (Id. at ¶ 61.)

Plaintiff also states, on information and belief, that only Defendant is involved in determining benefits under the health benefits plans sponsored by the State of New Jersey that Defendant administers. (Id. at ¶ 62.) Plaintiff states, on information and belief, that only Defendant makes payments of benefits to patients and/or to providers under the health benefit plans sponsored by the state of New Jersey. (Id. at ¶ 63.) Plaintiff alleges that Defendant's compensation for providing these services is structured so that Defendant's benefit determinations could affect accounting profits and accounting losses. (Id. at ¶ 64.) Plaintiff alleges that when administering health benefits plans sponsored by the State of New Jersey, Defendant has the power, motive, and opportunity to act unscrupulously towards the patients whose benefits Defendant determines, in order to maximize the accounting profit to Defendant and in order to maintain Defendant's lucrative contract with the State of New Jersey. (Id. at ¶ 65.)

Plaintiff asserts that the foregoing facts create a special relationship between Defendant and the patients that gives rise to a duty of good faith owed by Defendant to the patients and to Plaintiff by virtue of patients' assignment of benefits to Plaintiff. (Id. at ¶ 66.) Plaintiff alleges that Defendant breached its duty of good faith beginning in or about October 2004, when Defendant, acting to maximize its own profit, abruptly decreased the payments that it makes to Plaintiff on claims under the health benefit plans, sponsored by the State of New Jersey, to far below the rate of 70% of reasonable and customary charges that N.J. Stat. Ann. §§ 52:14-17.29 requires. (Id. at ¶ 67.)

Plaintiff brought suit in this Court for damages and declaratory relief. (Fourth Amended Compl. at 17.) Plaintiff seeks an order declaring that Defendant has breached its fiduciary duties, including the duties of loyalty and care to Plaintiff. (Id.) Plaintiff requests an order from this Court declaring that Defendant has breached the terms of patients' plans by lowering reimbursement in unauthorized ways. (Id.)

## II. STANDARD OF REVIEW

### A. The Standard of Review for a Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357 at 340 (2d ed. 1990)).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the

texts of the documents on which [their] claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment. FED. R. CIV. P. 12(b).

### III. ANALYSIS

The New Jersey State Health Benefits Plan is a health benefits plan for New Jersey state employees created by the State Health Benefits Commission ("SHBC" or the "Commission"). See N.J. Stat. Ann. §§ 52:14-17.25, et seq. "The program is administered by the SHBC through contracts with several insurers including Horizon, under which the insurer provides the administrative services necessary to effectuate actual delivery of health care benefits and the payment of claims for benefits." In re Lymecare, Inc. v. Horizon Blue Cross Blue Shield of New Jersey, et al., 301 B.R. 662, 673-674 (Bankr. D.N.J. Nov. 5, 2003). The Commission is also granted the authority, pursuant to §§ 52:14-17.25, to develop rules and regulations to aid in administering the plan. The regulations that govern the SHBP are codified under N.J. ADMIN. CODE tit. 17, § 9-1.3. See Lymecare, 301 B.R. at 674.

Section 9-1.3 provides guidance for the resolution of claim disputes under the plan: "(a) Any member of the Traditional Plan who disagrees with the decision of the claims administrator and has exhausted all appeals within the plan, may request that the matter be considered by the State Health Benefits Commission. Requests for consideration must be directed to the Secretary,

State Health Benefits Commission, and must contain the reason for the disagreement and all available supporting documentation. Appeals shall be considered at the regular monthly meetings of the Commission. It shall be the responsibility of the member to provide the Commission with any medical or other information that the Commission may require in order to make a decision." N.J. ADMIN. CODE tit. 17, § 9-1.3.

Plaintiff is required by N.J. ADMIN. CODE tit. 17, § 9-1.3 to appeal decisions of the claim administrator–the Defendant in this case, to the SHBC. "We conclude that plaintiff must first seek recourse by administrative appeal to the SHBC. "[S]ound principles of administrative law...require the plaintiff to seek administrative relief before attempting to sue for damages." Burley v. Prudential Insurance Company of America, 251 N.J. Super. 493, 498 (N.J. Super. Ct. App. Div. 1991).

In Burley, plaintiff, a state employee and beneficiary under the SHBP, brought suit in the Law Division against Prudential, which like Defendant in the instant case, was under contract to administer the SHBP. Id. at 495. The plaintiff in Burley brought suit claiming that the defendant insurer refused to cover medical services she and her son received as beneficiaries under the plan. The plaintiff claimed that the insurer had failed to pay the reasonable and customary fees required under the plan. Id. at 495-96.

The New Jersey Appellate Division affirmed the Law Division's ruling granting summary judgment to the defendant insurance company on the grounds that the plaintiff had failed to exhaust administrative remedies by first appealing to the SHBC. As the Appellate Division explained, "The State Health Benefits Program is, in effect the State of New Jersey acting as a self-insurer. Prudential administers the Program and makes payments on the claims on behalf of

7

the State.  The claims must, however, be authorized by the SHBC, the agency created by N.J.S.A. 52:14-17.27 to operate the Program.  In short the money comes from the State but Prudential runs the claims aspects of the Program. . . The SHBC retains all final authority and financial responsibility for the Plan under its contract with Prudential." Burley, 251 N.J. Super. at 495.

In the instant case, Plaintiff claims to assert the rights of beneficiaries of the SHBP under a theory of assignment.  (Fourth Amended Compl. at ¶ 66.)  Plaintiff claims that Defendant, which is under contract to administer the SHBP, has failed to pay the reasonable and customary fees, as required under the plan, and has acted in its own self-interest in determining the amount the plan will reimburse a service provider for medical services.  (Fourth Amended Compl. at ¶ 67.)  Plaintiff asserts the rights of beneficiaries under the SHBP, which based on the New Jersey Appellate Division's decision in Burley, indicate that Plaintiff's recourse to appeal claim decisions by Defendant, is to file an appeal with the SHBC.

## IV. CONCLUSION

Based on the foregoing, this Court finds that Plaintiff has not exhausted its administrative remedies, as required by New Jersey law.[1]  Defendant's Rule 12(b)(6) motion to dismiss the Third Cause of Action of Plaintiff's Fourth Amended Complaint is granted.  The Third Cause of Action of Plaintiff's Fourth Amended Complaint is dismissed, without prejudice.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date:  March 18, 2009

---

[1] This Court finds that Plaintiff has not exhausted its administrative remedies.  This Court need not address Defendant's remaining arguments in support of its motion to dismiss.